# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1260 | **DATE** | 8/27/10 |
| **CASE TITLE** | Simonian vs. Irwin Industrial Tool Co. | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss [19] is denied. Status hearing set for 9/1/10 at 10:00 a.m.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

In this *qui tam* action for false patent marking, plaintiff alleges that defendant Irwin Industrial Tool Company ("Irwin") violated 35 U.S.C. § 292(a) by marking certain of its Shur-Line products with a patent that expired in 1974. Irwin argues that the case should be dismissed because plaintiff lacks Article III standing to bring it, because plaintiff does not adequately plead that Irwin had an intent to deceive the public, and because Irwin is not the proper defendant.

The false patent marking statute prohibits marking unpatented articles as patented for the purpose of deceiving the public. 35 U.S.C. § 292(a). The statute "explicitly permits *qui tam* actions": "[b]y permitting members of the public to sue on behalf of the government, Congress allowed individuals to help control false marking." Forest Group, Inc. v. Bon Tool Co., 590 F.3d 1295, 1303-04 (Fed. Cir. 2009).

Irwin first argues that plaintiff lacks Article III standing to bring this action because plaintiff fails to allege any injury in fact, either to himself, to the public, or to the government. In order to establish standing that satisfies Article III's case-or-controversy requirement, a plaintiff must demonstrate an "injury in fact," in addition to causation and redressability. Vermont Agency of Natural Resources v. U.S. ex rel. Stevens, 529 U.S. 765, 771 (2000). An injury in fact is "a harm that is both 'concrete' and 'actual or imminent, not conjectural or hypothetical.'" Id.

In the context of the False Claims Act, another *qui tam* statute, the Supreme Court has held that the government's injury in fact confers standing on its partial assignee, the *qui tam* relator. See Vermont Agency of Natural Resources, 529 U.S. at 773-78. Although neither the Supreme Court nor the Federal Circuit has ruled on the issue of Article III standing under the false marking statute,[1] there is no reason to believe that they would reach a different conclusion. The Federal Circuit has described several types of injuries that result from falsely marking patents:

Acts of false marking deter innovation and stifle competition in the marketplace. If an article that is within the public domain is falsely marked, potential competitors may be dissuaded from entering the same market. False marks may also deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement. False marking can also cause unnecessary investment in design around or costs incurred to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete.

Forest Grp., Inc., 590 F.3d at 1302-03 (citations omitted). In addition, the Federal Circuit has recognized that "the clear language of the [false marking] statute allows" the creation of "'a new cottage industry' of false marking litigation by plaintiffs who have not suffered any direct harm." Id. at 1303.

Plaintiff's complaint alleges that each false marking on Irwin's products "is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products," that upon information and belief such marking "has wrongfully quelled competition with respect to such products to an immeasurable extent thereby causing harm to the United States," and that such marking "contributes to causing harm to the Plaintiff, the United States and the general public." The Court concludes that plaintiff has established Article III standing.

In the alternative, Irwin argues that plaintiff's complaint should be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to adequately plead an intent to deceive the public. For this analysis, the Court accepts all well-pleaded allegations in the complaint as true, and draws all reasonable inferences in plaintiff's favor. See Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 820 (7th Cir. 2009). The Court may grant Irwin's Rule 12(b)(6) motion to dismiss only if plaintiff's complaint lacks enough facts to "state a claim to relief that is plausible on its face." See id. at 821 (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).

Plaintiff's complaint alleges that Irwin "is a sophisticated company" with "years of experience applying for, obtaining, and litigating patents." Plaintiff further alleges that Irwin has "in-house attorneys who regularly litigate or oversee litigation of patent infringement cases and who regularly prosecute or oversee patent prosecution." Plaintiff alleges that Irwin knew or should have known that the patent marked on the products at issue had expired, and alleges that Irwin intentionally included the expired patent on the products for the purpose of deceiving the public. Whether or not the particularity pleading requirement of Federal Rule of Civil Procedure 9(b) applies in this case, as Irwin contends, the Court concludes that plaintiff's allegations are sufficient at this stage to state a claim.

Finally, Irwin argues that the case should be dismissed for failure to state a claim because it is not the proper defendant. In support of this argument, Irwin asks the Court to consider information outside the complaint: the declaration of a Newell Rubbermaid, Inc. vice president, who states that Shur-Line is not an operating division of Irwin, but rather is an operating division of Newell Operating Company, which in turn is a subsidiary of Newell Rubbermaid, Inc. The Court cannot consider such information without converting the Rule 12(b)(6) motion to a motion for summary judgment, however, which the Court declines to do. See Fed. R. Civ. P. 12(d).

Plaintiff's complaint alleges that Shur-Line is an operating division of Irwin, a subsidiary of Newell Rubbermaid, Inc., and that Irwin makes and sells the Shur-Line-branded products at issue in this case. In its response to Irwin's motion to dismiss, plaintiff maintains that Irwin is the proper defendant, and plaintiff has not moved to amend the complaint. The Court accepts plaintiff's allegations as true; Irwin's motion to

dismiss on this basis is denied.

_George W. Lindberg_

---

1.  Apparently that issue has been raised, but not yet decided, in an appeal pending in the Federal Circuit in <u>Stauffer v. Brooks Bros, Inc.</u>, No. 2009-1428.